In the matter of the petition of the collector of Upper Freehold township, in Monmouth county, for the payment of taxes assessed to JOHN S. COX.

The legislature directed that the taxes on all entailed property, or property held in trust or for life, should be paid out of the income, or by the person or persons having the present beneficial interest therein. *P. L. of 1879 p. 54.* Under that act, assessment of the tax on a mortgage taken in the name of the state for the investment of money in chancery was, in 1880, made on the person to whom the interest of the fund was payable. The legislature, by an act passed in 1882 (*P. L. of 1882 p. 120*), provided that taxes assessed on such

Cox's Case.

persons for such funds since the act of 1879, should be paid by the person who claimed deduction of the mortgage from his taxable property, and allowed out of the interest.—*Held,* that the assessment was validated by the act of 1882.

*Mr. C. Robbins,* for petitioner.

*Mr. James Buchanan,* for John S. Cox.

THE CHANCELLOR.

This is an application by the collector of taxes of Upper Freehold township, in Monmouth county, to this court, under the 7th section of the supplement of March 17th, 1882 (*P. L. of 1882 p. 118*) to the act concerning taxes, to make order for the payment of certain taxes assessed in 1880 and 1881 in that township, against John S. Cox, upon the principal ($5,046) of a mortgage given to the state. The mortgage was given under the 27th section of the partition act. *Rev. p. 802.* John S. Cox was the owner of a life estate in the property whereof partition was sought, and on sale of the property, a mortgage was taken in the name of the state to secure the payment of the bond of the purchaser. The bond and mortgage were taken in 1862. The condition of the former is to pay to John S. Cox, or his assigns, the interest at the rate of six per cent. per annum on the sum of $5,046, half-yearly, during his natural life, and at or immediately after his death to pay the principal sum and all subsequently-accrued interest thereon to such person or persons as may be entitled to have and receive them under the last will of John W. Cox, deceased. John S. Cox insists that the assessments in question are illegal. They were made under the act of 1879, respecting taxes (*P. L. of 1879 p. 54*), which provides that the taxes assessed on all entailed property or property held in trust or for life shall be paid out of the income from such property, or by the person or persons having the present beneficial interest therein; but Cox insists that that act does not extend to the fund in question, and is not applicable thereto. Before the passage of that act, the money secured by the mortgage, which is to the state, was not taxable. *Trustees*

29

&c. v. *Trenton, 3 Stew. Eq. 667.* It is insisted, however, on the part of the petitioner, that the supplement of 1882 (*P. L. of 1882 p. 120*) to the act concerning taxes, validated the assessments. By the 1st section of that act it is provided that it shall be lawful for the assessor or commissioners of appeal in cases of taxation, to deduct from the valuation of the taxable property for which any person shall be assessed, any debt or debts due and owing from such persons upon any mortgage made to the chancellor in his official capacity, or to the state of New Jersey for the investment of money in the court of chancery, upon claim of such deduction being made according to law. By the 3d section it is provided that the assessment shall be made to the person or persons having the beneficial interest in such mortgage or mortgages, or who may be entitled to have the income or interest thereof at the time of such assessment, whether such person or persons reside in this state or not. The 6th section is as follows : (§ 6) " In-case any taxes assessed since the 4th day of July, 1879, upon any of the said mortgages [mortgages made to the chancellor in his official capacity, or to the state for the investment of money in the court of chancery] or the debt secured thereby to the person or persons for whom the same was or were at the time of the assessment held in trust by the chancellor in his official capacity, or the state for the investment of money in the court of chancery, or who then had, or were entitled to have, the beneficial interest or income from the same, shall be and remain unpaid, it shall be the duty of the person or persons who claimed deduction from the same, to pay such taxes to the collector of the township or city wherein the said deduction was made, and in case of the failure of such person or persons to pay the said taxes within ten days after demand, collection of the same may be enforced, the same as if they had originally been assessed upon his or their property ; and the payment of such taxes shall operate as a payment, so far as the same will extend, on any interest or income due or to grow due on the mortgage debt." The next section (§ 7) provides that upon petition of the collector for the time being of any township or city to which any of those taxes assessed as mentioned in the act then were or

thereafter might be due and unpaid, it shall be lawful for the chancellor to make such order and take such means for the payment thereof out of the income or interest of the mortgage or debt secured thereby, on which the tax is assessed, as to him shall seem proper, and to enforce such order as in other cases. If the legislature had the power to validate the taxes imposed under the act of 1879, as I think it had (*Cooley on Taxation 226*), then these taxes must be regarded as having been lawfully assessed. Nor will the objection that it has been repeatedly held (*State, Richey pros.* v. *Shurts, 12 Vr. 279 ; State, Richey pros.* v. *Shute, 14 Vr. 414*) that such an interest as that of John S. Cox under the mortgage is in fact an annuity, and that the person entitled to it cannot be taxed for the fund out of which it arises, avail to overthrow or reduce the assessment; for the act of 1882 declares that assessment shall be made against the person having the beneficial interest in such mortgages, or who may be entitled to have the income or interest thereof, and that the owner of the property to whom the deduction is allowed, may, in case of failure of such person to pay the tax, pay it himself, and the payment shall operate as a payment on account of the interest on the mortgage. In view of this legislation, it is of no importance whether the interest of the person entitled to the interest of the mortgage be regarded as an annuity or not; for, whether it be annuity or interest, the legislature declares that the tax on the mortgage shall be assessed upon and paid by him. And if it had the constitutional power to make this enactment, as it undoubtedly had, the act governs the subject and fixes the tax on the life tenant.